IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEPARTMENT OF EDUCATION, STATE OF HAWAI'I, and CHRISTINA KISHIMOTO, in her official capacity as Superintendent of the Hawaii Public Schools,<br><br>        Plaintiffs-Appellants,<br><br>  vs.<br><br>ACEN T., by and through his Parents, WAYNE and LEEANN T.,<br><br>        Defendants-Appellees<br>_____<br><br>ACEN T., by and through his Parents, WAYNE and LEEANN T.,<br><br>        Counter-Claimant,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII, and CHRISTINA KISHIMOTO, in her Official capacity as Superintendent of the Hawaii Public Schools,<br><br>        Counter-Defendants.<br>_____ | Civil No. 19-00259 HG-KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS-APPELLEES' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO 20 U.S.C. § 1415 (B)(i)(3)(B)(i)(I) |

FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANTS-APPELLEES' MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS PURSUANT TO 20 U.S.C. § 1415 (B)(i)(3)(B)(i)(I)

On May 26, 2020, Defendants-Appellees Acen T., by and through his Parents, Wayne and Leeann T. (collectively, "Defendants"), filed a Motion for Award of Attorneys' Fees and Costs Pursuant to 20 U.S.C. § 1415 (B)(i)(3)(B)(i)(I) ("Motion").  ECF No. 26.  A Joint Statement of Consultation ("Joint Statement") was filed with the Motion.  ECF No. 26-12.  Plaintiffs-Appellants Department of Education, State of Hawaii and Christina Kishimoto, in her official capacity as Superintendent of the Hawaii Public Schools (collectively, "Plaintiffs"), filed a Memorandum in Response to Defendants' Motion on June 2, 2020 ("Opposition").  ECF No. 29.  Defendants filed their Reply Memorandum ("Reply") on June 10, 2020[1].  ECF No. 30.  The Court held a telephonic hearing on June 23, 2020.  Carl M. Varady, Esquire, appeared for Defendants and Kris S. Murakami, Esquire, appeared for Plaintiffs.  After careful consideration of the parties' submissions, exhibits, declarations, arguments of counsel, applicable law, and the record in this action, the Court FINDS AND RECOMMENDS that the district court GRANT the Motion.

---

[1] The Court granted Defendants' Ex Parte Motion to Extend Time for Filing Defendants' Reply to Plaintiffs Memorandum in Opposition to Defendants' Memorandum in Support of Motion for Award of Attorneys' Fees and Costs retroactively allowing Defendants additional time to file their Reply.  ECF No. 31, 32.

BACKGROUND

On May 22, 2019, Plaintiffs filed their Complaint appealing the Findings of Fact, Conclusions of Law and Decision ("Administrative Decision") by an Administrative Hearing Officer which found that the Department of Education ("DOE") violated the Individuals with Disabilities Act ("IDEA") by improperly rescinding Acen T.'s eligibility. *See* ECF No. 1, 1-1. On June 20, 2019, Defendants filed an Answer and Counterclaim. ECF No. 6. The district court held a hearing on the Appeal on February 24, 2020, ECF No. 23, and issued an Order Affirming Decision of the Administrative Hearings Officer ("Order") on April 6, 2020. ECF No. 24. The Order allowed Defendants to file a motion for attorneys' fees. *Id*. at 27. Thereafter, Defendants filed the instant Motion. ECF No. 26.

DISCUSSION

The procedure for seeking remedy for violations of IDEA are set forth under 20 U.S.C. §1415(i)(3)(B)(i)(I) which also provides for an award of attorneys' fees "in any action or proceeding brought under this section, the court in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with disability." *Id*. There is no dispute that Defendants are the prevailing party.[2] *See* ECF No. 29 at 4.

---

[2] The district court allowed the filing of a motion for attorneys' fees and costs by the Defendants pursuant to LR 54.2. *See* ECF No. 24 at 27.

3

I.      Calculation of Attorneys' Fees

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable . . ." *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016) (citation omitted).  In IDEA cases, the lodestar method is used to calculate the prevailing party's reasonable attorneys' fees.  *See Aguirre v. L.A. Unified Sch. Dist.*, 461 F.3d 1114, 1121 (9th Cir. 2006) (applying the lodestar method in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) to an award of attorneys' fees in IDEA cases).  Under this method, reasonable attorneys' fees are calculated by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  *Hensley*, 461 U.S at 433.

Defendants request the following in attorneys' fees and costs:

|  | Rate | Hours | Total Requeted |
| --- | --- | --- | --- |
| Attorney Varady | $450.00 | 211.1 | $94,995.00 |
| Paralegal Avila | $125.00 | 12 | $1,500.00 |
| HI GET 4.712% |  |  | $4,546.84 |
| Costs |  |  | $621.63 |
| Total |  |  | $101,663.47 |

Defendants also request an additional $9,659.68 in attorneys' fees for Attorney Varady for 20.5 hours incurred in drafting the Reply.  Therefore, the total requested in attorneys' fees and costs is $111,323.15.

Under Rule 54.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii ("LR"), the parties are required to "meet and confer in a good faith attempt to agree on the amount of fees . . ." LR54.2(d).

4

Further, LR 54.2(e) provides that: "[i]f any matters remain in dispute . . . the parties, prior to the filing of the Fee Motion, shall prepare a joint statement listing . . . [a] brief description of each specific dispute remaining between the parties as to the fees or expenses and all matters agreed upon." *See* LR54.2(e). The Joint Statement filed here states that the following issues are not in dispute: (1) the 211.1 hours expended by Mr. Varady; (2) the 12 hours expended by Paralegal Abby Avila; (3) Ms. Avila's hourly rate of $125.00; (4) $621.63 in costs incurred; and (5) the application of the Hawaii General Excise Tax rate to the total attorneys' fees requested. ECF No. 26-12 at 2. The Joint Statement also states that the only issue in dispute is the reasonableness of Mr. Varady's hourly rate of $450.00. *See* ECF No. 26-12 at 3.

Notwithstanding the representations in the Joint Statement, Plaintiffs' Opposition disputes that Mr. Varady's hourly rate is the only matter at issue. Plaintiffs now claim they are also challenging: (1) Mr. Varady's allegedly excessive and block-billed hours; (2) the hourly rate of $125.00 for paralegal Ms. Avila; and (3) the 12 hours expended by Ms. Avila. ECF No. 29 at 7. Further, and of particular concern to the Court, Plaintiffs contend that "Plaintiffs' counsel was not afforded the opportunity to review and confirm the terms of the Joint Statement of Consultation and Dispute prior to this document being filed." *Id*.

5

The Court has undertaken a careful review of the record and questioned counsel at the hearing. As set forth below, the evidence demonstrates that Plaintiffs reviewed and approved the Joint Statement, and took actions to inform Defendants they had done so. Defendants provided the Court with emails between counsel involving the discussion and evolution of the Joint Statement. ECF Nos. 30-4, 30-5, 30-6, 30-7. The emails, sent throughout the day on May 26, 2020, show that Mr. Varady sent Ms. Murakami drafts of the Joint Statement. *Id*. The email thread also shows that Ms. Murakami responded to the emails, including requesting specific edits to the draft Joint Statement. *See* ECF No. 30-6 at 1. For example, Ms. Murakami sent and email to Mr. Varady at 4:01 p.m, which, among other things, stated that she (i) did not want a Plaintiffs' proposed hourly rate included in the Joint Statement, and (ii) she would be doing research regarding the prevailing market rate in the community. *Id*.[3] At 4:46 p.m., Mr. Varady responded to Ms. Murakami's 4:01 p.m. email attaching a draft Joint Statement with the hourly rate by Plaintiffs deleted and the addition of a statement regarding additional research. *See* ECF No. 30-7 at 1. In response, Ms. Murakami sent Mr.

---

[3] LR54.2(d)(5) prohibits this sort of gamesmanship. The meet and confer process is when Plaintiffs were obligated to produce any evidence they would use to contest Mr. Varady's rate. Likewise, pursuant to LR54.2(e)(2), Plaintiffs were obligated to prepare a table identifying their position as to each individual's requested hours and rates. The Local Rule does not permit the opposing party to wait until its memorandum in opposition to set forth its position, as Plaintiffs did here.

6

Varady a 6:00 p.m. email stating: "That was quick. It looks fine to me. Thanks so much." *Id*. Based on this record, the Court finds Plaintiffs' contention that "Plaintiffs' counsel was not afforded the opportunity to review and confirm the terms of the Joint Statement of Consultation and Dispute prior to this document being filed[,]" is not credible. Ms. Murakami received the drafts and final version of the Joint Statement and she gave Mr. Varady her approval to file the revised Joint Statement when she said, "That was quick. It looks fine to me. Thanks so much." "It looks fine to me" can only reasonably be interpreted as representing that Ms. Murakami reviewed the Joint Statement ("it looks") and approved its contents ("fine to me.").

Following Ms. Murakami's email that the Joint Statement "looks fine to me[,]" Defendants filed the Joint Statement with electronic signature for both attorneys. Notwithstanding Ms. Murakami's statement that she was not afforded the opportunity to review and confirm the Joint Statement, Ms. Murakami makes no allegations that the Joint Statement that was filed with her electronic signature was done without her consent. Nor has, Ms. Murakami presented any evidence that she requested any changes to the section in the Joint Statement which clearly articulated to the Court the issues <u>not</u> in dispute. Lastly, at the hearing on the Motion, Ms. Murakami admitted that she did not "disclose any evidence" she was going to "use to oppose the requested hours, rates, or related nontaxable expenses"

7

as required by LR 54.2(d)(5). Therefore, based on the available record, the Court finds that (i) Ms. Murakami did have the opportunity to review the Joint Statement, (ii) Ms. Murakami indicated her approval of the Joint Statement to Mr. Varady. Accordingly, the Court finds that the Joint Statement controls - the only issue before the Court is the reasonableness of Mr. Varady's requested hourly rate of $450.00.

II. Reasonable Hourly Rate

Defendants request an hourly rate of $450.00 for Mr. Varady. The Court must determine whether the hourly rate requested is reasonable. When determining reasonableness, the Court considers the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019) (citing *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016)); *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002) (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986)). The relevant community is the forum in which the district court sits. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." *Roberts*, 938 F.3d at 1024 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (citation omitted). "The burden is on the fee

8

applicant 'to produce satisfactory evidence' of the prevailing market rates." *Sam K. ex rel. Diane C. v. Hawaii Dep't of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (citation omitted). In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). *See also Camacho*, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence - - in addition to the attorney's own affidavits - - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation").

"However, declarations filed by the fee applicant do not conclusively establish the prevailing market rate." *Camacho*, 523 F.3d at 980. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy of the submitted affidavits." *Roberts*, 938 F.3d at 1023 (citing *Camacho*, 523 F.3d at 980) (internal quotations omitted).

In addition, when determining the reasonable hourly rate, "District courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'" *Sam K. ex rel. Diane C.*, 788 F.3d at 1041 (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

In determining whether the hourly rate of $450.00 is a reasonable hourly rate for Mr. Varady, the Court must look at whether the requested rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Roberts*, 938 F.3d at 1025. Mr. Varady submits his declaration in support of his requested hourly rate. Mr. Varady's declaration states that he graduated from Wayne State University School of Law in 1982, is a member of the Hawaii and Colorado bars, and has been practicing law in Hawaii since 1991. ECF No. 26-2 at 1 ¶ 2-3, 2 ¶ 4. He further states that he has been "lead attorney in numerous civil rights cases involving constitutional and statutory claims in this Court" and various other jurisdictions. ECF No. 26-2 at 2 ¶ 4. Mr. Varady's declaration also states that for contingency fee cases, such as this case, his hourly rate is $450.00. ECF No. 26-2 at 10 ¶ 7.

In further support of the requested hourly rate, Defendants submitted declarations from attorneys Paul Alston, Mark S. Davis, Susan K. Dorsey, and Eric A. Seitz, all of whom are attorneys who practice in the State of Hawaii and in civil rights litigation, specifically IDEA cases. ECF Nos. 26-6, 26-9, 26-10, 26-11. The declarations of Mr. Alston, Mr. Davis, Ms. Dorsey, and Mr. Seitz (collectively, "Attorney Declarations") state that $450.00 per hour is a fair and reasonable hourly rate for Mr. Varady considering the prevailing rates for attorneys of similar experience, skill, and credentials in this jurisdiction. *See* ECF Nos. 26-6 at 3 ¶ 9,

10

26-9 at 3 ¶ 10, 26-10 at 6 ¶ 12, 26-11 at 3 ¶ 9. Mr. Alston, Mr. Davis and Mr. Seitz have each practiced law for more than 45 years. *See* ECF No. 26-6 at 2 ¶¶ 3-4, 26-9 at 1 ¶ 2, 26-11 at 1 ¶ 1. Ms. Dorsey has been in private practice for 17 years, having graduated law school in 2000 and clerked for 3 years. *See* ECF No 26-10 at 1 ¶ 3. Further, the Attorney Declarations state that the attorneys are "[p]ersonally familiar with billing rates and practices of attorneys and paraprofessionals in private practice in Hawaii." *See* ECF Nos. 26-6 at 4 ¶ 10, 26-9 at 4¶ 11, 26-10 at 6 ¶ 13, 26-11 at 3 ¶ 10. Mr. Alston's declaration states that he has been awarded an hourly rate of $592.52 by the Ninth Circuit for two appeals of civil right cases. ECF No. 26-2 at 2 ¶ 6. Mr. Davis and Ms. Dorsey have statements in their declarations attesting to knowledge of the facts and difficulties of the instant case that warrant the requested hourly rate. ECF Nos. 26-9 at 3 ¶ 9, 26-10 at 3 ¶¶ 7-8, 11. The Court finds that the Attorney Declarations are satisfactory evidence to support the reasonableness of the requested hourly rate.

Because Defendants met their burden of providing satisfactory evidence that the requested rate is in line with those prevailing in the community, Plaintiffs have the "burden of rebuttal that requires submission of evidence to the district court challenging the accuracy of the submitted affidavits." *Roberts*, 938 F.3d at 1023 (citing *Camacho*, 523 F.3d at 980) (internal quotations omitted). Plaintiffs argue, but provide no supporting evidence, that an hourly rate of $325.00 is reasonable for

11

Mr. Varady considering his skill, reputation and experience. ECF No. 29 at 18. The only declaration submitted by Plaintiffs is the declaration of Ms. Murakami. However, this declaration altogether fails to support Plaintiffs' suggested rate of $325.00 or rebut Defendants' requested and supported hourly rate of $450.00. Plaintiffs have submitted no evidence to rebut the Attorney Declarations or Mr. Varady's declaration. In the absence of any rebuttal evidence, the Court finds that the evidence submitted by Defendants is satisfactory to support Defendants' hourly rate request.

Furthermore, the Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation. Based on the Court's knowledge of the prevailing rates, the evidence provided by the Defendants, and the lack of rebuttal evidence by Plaintiffs, the Court finds that the hourly rate of $450.00 in this case is reasonable.

In addition to the original attorneys' fees request, Defendants also seek $9,659.68 for 20.5 hours incurred in drafting the Reply. The Court finds the additional hours are reasonable because of the additional work necessary for the Reply, which responded to the Opposition that contained arguments that Defendants did not believe were in dispute.

Thus, the lodestar calculation of Defendants' reasonable attorneys' is as follows:

| Attorney | Hours | Rate | Lodestar Amount |
|---|---|---|---|
| Attorney Varady | 231.6[4] | $450.00 | $104,220.00 |

Accordingly, the total award for Defendants is:

|  | Rate | Hours | Total Requested |
|---|---|---|---|
| Attorney Varady | $450.00 | 231.6 | $104,220.00 |
| Paralegal Avila | $125.00 | 12 | $1,500.00 |
| HI GET 4.712% |  |  | $4,981.53 |
| Costs |  |  | $621.63 |
| Total |  |  | $111,323.16 |

## CONCLUSION

Based on the foregoing the Court FINDS and RECOMMENDS that the district court GRANT Defendants' Motion for Award of Attorneys' Fees and Costs Pursuant to 20 U.S.C. § 1415(B)(i)(3)(B)(i)(I).  The Court RECOMMENDS that the district judge award Defendants:

(1)    $104,220.00 in attorneys' fees for 231.6 hours of work performed by Carl Varady, Esquire;

(2)    $1,500.00 in paralegal fees for 12 hours of work performed by Abby Avila;

(3)    $4,981.53 in GET; and

(4)    $621.63 in costs.

---

[4] These hours include the additional 20.5 hours incurred for the filing of the Reply.

Thus, the total amount of attorneys' fees and costs RECOMMENDED in this case is $111,323.16.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 6, 2020.

Kenneth J. Mansfield
United States Magistrate Judge

*Department of Education, State of Hawaii, and Christina Kishimoto, in her official capacity as Superintendent of the Hawaii Public Schools v. Acen t., by and through his Parents, Wayne and Leeann T.*, CV 19-00259 HG-KJM; Findings and Recommendation to Grant Defendant-Appellees' Motion for Award of Attorneys' Fees and Costs Pursuant to 20 U.S.C. § 1415 (B)(i)(3)(B)(i)(I).